Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
8100 E. Indian School Road
Suite 103
Scottsdale, AZ 85251
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff
Yolanda Ramos

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Yolanda Ramos**, an Arizona resident, | **Case No.** |
| Plaintiff, | |
| v. | |
| **Dental Specialty Associates, PLC,** an Arizona limited liability company; **Lior Berger,** an Arizona resident, and **Brian Lilien,** an Arizona resident, | **VERIFIED COMPLAINT** |
| Defendants. | **(Jury Trial Requested)** |

Plaintiff Yolanda Ramos, for her Verified Complaint against Defendants, hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**") and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2. This action is brought to recover unpaid overtime wage compensation,

liquidated damages and statutory penalties resulting from Defendants' violations of the FLSA.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Plaintiff's state law claim is sufficiently related to her federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona within this District. Plaintiff was employed by Defendants in this District.

## PARTIES

7. At all times relevant to the matters alleged herein, Plaintiff Yolanda Ramos was a resident of Arizona.

8. Plaintiff was a full-time, non-exempt employee of Defendants from in or around September of 2013 until on or about November 30, 2015.

9. At all relevant times, Plaintiff was an employee of the Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 C.R.F. § 213(a)(1).

10. Defendant Dental Specialty Associates, PLC, is an Arizona limited liability

company, authorized to conduct business in Arizona, and was Plaintiff's employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

11. Defendant Lior Berger is an Arizona resident. He has directly caused events to take place giving rise to this action. Lior Berger is an owner of Dental Specialty Associates, PLC.

12. Defendant Brian Lilien is an Arizona resident. He has directly caused events to take place giving rise to this action. Brian Lilien is an owner of Dental Specialty Associates, PLC.

13. Under the FLSA, Defendants Lior Berger and Brian Lilien are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Lior Berger and Brian Lilien are the owners of Dental Specialty Associates, PLC. They determined the method and rate of Plaintiff's payment of wages. As persons who acted in the interest of Dental Specialty Associates, PLC in relation to the company's employees, Lior Berger and Brian Lilien are subject to individual and personal liability under the FLSA.

14. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

15. Defendants, and each of them, are sued in both their individual and corporate capacities.

16. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

17. At all relevant times, Defendants have been engaged in interstate commerce

and have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## FACTUAL ALLEGATIONS

18. Defendant Dental Specialty Associates, PLC is a dental practice that performs routine dental care and dental surgery for its patients.

19. On or around September 2013, Plaintiff began employment with Defendants as a specialty dental assistant, often performing clerical work, manual labor, and generic assistance to Defendants' management staff.

20. For example, Plaintiff's job duties included tasks such as: cleaning Defendants' offices, washing/sterilizing Defendants' medical equipment, stocking supplies, answering phones, and handing medical instruments to dentists during a clinical procedure.

21. Plaintiff did not exercise discretion or independent judgment with respect to matters of significance.

22. Plaintiff did not have authority to formulate, affect, interpret, or implement Defendants' management policies or operating practices.

23. Plaintiff did not carry out major assignments in conducting the operations of Defendants' business.

24. Plaintiff did not perform work that affects business operations to a substantial degree.

25. Plaintiff did not have the authority or discretion to commit the Defendants in matters of significant financial importance.

26. Plaintiff did not have authority to waive or otherwise deviate from

Defendants' established policies and procedures without prior approval.

27. Plaintiff did not provide consultation or expert advice to management.

28. Plaintiff was not involved in planning long-term or short-term business objectives.

29. Plaintiff did not investigate and/or resolve matters of significance on behalf of Defendants.

30. Plaintiff did not represent Defendants in handling complaints, arbitrating disputes, or resolving grievances.

31. Plaintiff's primary duty was not the management of Defendants' office(s) in which she was employed.

32. Plaintiff did not customarily and/or regularly direct work of two or more employees.

33. Plaintiff did not have the authority to hire or fire other employees.

34. From September 2013 until July 2015 Plaintiff was paid a rate of approximately $14.50 per hour.

35. From August 2015 until November 30, 2015 Plaintiff was paid a rate of approximately $16.00 per hour.

36. In a given workweek of Plaintiff's employment with Defendants, Plaintiff worked between approximately one (1) and twenty (20) hours of overtime without being compensated at one-and-one-half times her regular rate of pay for such time worked.

37. Plaintiff worked more than forty (40) hours in a given workweek without being compensated for the overtime hours worked during many workweeks.

38. For example, during the 2-week pay period ending on November 25, 2014,

Plaintiff worked at a minimum approximately 11 hours of overtime without being compensated at one-and-one-half times her regular rate of pay for such time worked.

39. At all relevant time during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for her overtime hours.

40. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours, and required her to work overtime as a condition of her employment.

41. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

42. Defendants failed to pay Plaintiff her complete final paycheck.

43. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

44. Defendants' willfully failed and/or refused to compensate Plaintiff at the rates and amounts required by the FLSA and the Arizona Wage Statute.

## COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

45. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

46. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

47. Plaintiff was a non-exempt employee entitled to the statutorily mandated overtime wage.

48. Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

49. As a direct result of Defendants' violations of the FLSA, Plaintiff has

suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

50. Under 29 U.S.C. § 216 Defendants are liable to Plaintiff for an amount equal to one and one-half times their regular pay rate for each hour of overtime worked per week.

51. In addition to the amount of unpaid wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

52. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was working overtime but failed to pay proper overtime wages. Defendants had no reason to believe their failure to pay overtime was not a violation of the FLSA.

53. Defendants have not made a good faith effort to comply with the FLSA.

54. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

55. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

56. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Wage Statute.

57. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

58. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

59. Defendants failed to timely pay Plaintiff her regular and overtime wages due without a good faith basis for withholding the wages.

60. Defendants failed to timely pay Plaintiff her complete final paycheck.

61. Defendants have willfully failed and refused to timely pay regular and overtime wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

  i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

  ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

  iii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 12-341.01 and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED January 8, 2016.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
8100 E. Indian School Road
Suite 103
Scottsdale, AZ 85251
Attorneys for Plaintiff Yolanda Ramos

## **VERIFICATION**

Plaintiff Yolanda Ramos declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Yolanda Ramos